FINN v. FINN.

1. **Husband and Wife:** ACTION FOR ALIMONY ALONE: MEANS OF PROSECUTION. Where the wife is separated from the husband on account of conduct on his part justifying such separation, a court of equity will entertain an action by the wife against the husband for alimony, though no divorce or other relief is sought; (*Graves v. Graves*, 36 Iowa, 310;) and in such case the court will require the husband to furnish the wife the means of prosecuting such action. This decision is grounded upon well settled principles of equity and considerations of public policy, and not upon any statutory provision.

*Appeal from Winneshiek District Court.*

THURSDAY, DECEMBER 13.

THE petition alleges, in substance, that plaintiff was mar-

ried to defendant May 8, 1879, and, with the exception of a short time, continued to cohabit with defendant until January 8, 1883; that about January 1, 1883, defendant commenced to abuse and ill treat plaintiff, calling her a thief, and demanding explanations, and informing her that she could no longer live with him, or be supported by him, unless explanations of his accusations were made, of which plaintiff was not guilty; that, on account of the violent abuse and unreasonable language of defendant, plaintiff was compelled to seek board and lodging elsewhere; that after plaintiff was compelled to leave defendant's home, he circulated among her friends and neighbors false and scandalous stories concerning plaintiff's chastity, knowing them to be false and without foundation; that during the last year of plaintiff's living with defendant, he ill treated her to such extent as to render her living with him detrimental to her health; that defendant peremptorily refused to support plaintiff, or allow her in his house; that plaintiff has no property, and is dependent on her own labor for support, and is unable to obtain employment, and compelled to incur indebtedness against defendant for board and lodging. Plaintiff prays that the defendant may be decreed to pay such sums of money for her support and clothing as may be equitable. The defendant, for answer, admits the marriage and cohabitation to December 27, 1882, and denies the other allegations of the petition. The plaintiff thereupon moved the court for temporary alimony and attorney's fees, supporting the motion by the following affidavit of plaintiff: "That she is plaintiff in this action. That it is brought to obtain a decree of separate maintenance. That she has no money or property, and barely sufficient clothing to be comfortable. That defendant is her husband, and has refused and still refuses to support her or contribute toward her clothing, and has circulated evil reports about her to injure her character among friends and neighbors. That deponent is entirely destitute of means to employ attorneys to prosecute this action, or to

provide for her support, and asks that this court order and direct defendant to pay plaintiff such sums of money as shall be necessary for her support and attorney's fee, and to procure testimony during the pendency of this action."

The defendant filed his affidavit, an abstract of which is as follows: "I am defendant. This action is for alimony or separate maintenance, and not for a divorce. That plaintiff has clothing in abundance as to kind, quality and quantity. I am plaintiff's husband, and have never refused to furnish her clothing. I deny that I have circulated reports, or said anything concerning her character prior to her abandonment of defendant, to-wit: January 8, 1883, nor prior to commencement of this suit, nor then. Defendant provided plaintiff with a home, clothing and support, and never refused so to do, and does not now. But plaintiff, without cause or excuse, willfully abandoned defendant, without defendant's fault, and did so by reason of her own fault and misconduct, and in her own wrong. In support of this, defendant's affidavit, defendant adds his answer, filed in this cause. Plaintiff has, or should have, $50 or $75 of money received of defendant, and she has no children, and has health and capacity to earn money."

The court thereupon ordered that defendant pay the plaintiff $105 to enable her to carry on this action, and denied the motion for temporary alimony. The defendant excepted and appeals.

*L. Bullis, O. Wellington* and *G. W. Adams*, for appellant.

*Brown & Portman*, for appellee.

DAY, CH. J.—This court has held that a court of equity will entertain an action brought for alimony alone, and will grant the same, though no divorce or other relief is sought, when the wife is separated from the husband on account of conduct on his part justifying the separation. *Graves v. Graves*, 36 Iowa, 310. It is said that this court has never

gone beyond the doctrine of this case, and has never held that the husband could be required to furnish the wife the means of prosecuting such action. But such a holding seems to be but a mere corollary of the decision in *Graves v. Graves*, *supra*, for it would be but mockery to allow the wife the right to maintain an action for separate maintenance, and, at the same time, deny her the means of prosecuting it. Ordinarily the joint accumulations of the husband and wife are in the possession and under the control of the husband. This is the foundation of the equitable rule which requires the husband to furnish the wife the means of prosecuting or defending an action for divorce. And, if an action for separate maintenance can be maintained, there is just as much reason and just as much necessity for requiring the husband to furnish the means for prosecuting it, as for requiring him to furnish the means for prosecuting an action for divorce. It is said that there is no statute authorizing the court to require the defendant to pay money to enable the plaintiff to prosecute an action of this kind, as there is in the case of a proceeding for divorce. See Code, § 2226. Neither is there any statute authorizing the wife to institute an action for alimony where no divorce is sought. Yet this court held that, upon well settled equity principles, and upon considerations of public policy, such action might be maintained. The same principles of equity and considerations of public policy authorize a court to require the husband to provide the means of prosecuting such action, when instituted. Specific statutory provision is not essential to the exercise of this power. The court did not err in making the order complained of.

AFFIRMED.