HELEN SIMPSON v. THOMAS SIMPSON, Appellant.

| 91 | 235 |
| 127 | 81 |

| 91 | 235 |
| 141 | 448 |

Separate Maintenance: SUPPORT PENDING SUIT. Pending such a suit, the wife may be allowed support, if it appear that she is without means, that her husband is able to furnish them, and that she is entitled to suit money; also suit money on appeal.

Practice on Appeal. Where a case, appealed in good faith, is fully argued in the mistaken but justifiable belief that a motion to affirm has been overruled, it will be heard on the merits, though appellant has not, in strictness, been diligent.

*Appeal from Madison District Court.*—HON. J. H. APPLEGATE, Judge.

SATURDAY, MAY 19, 1894.

ACTION in equity for alimony. Pending a hearing on the merits, the district court made an allowance to enable the plaintiff to prosecute the case, and for temporary support, and from that order, the defendant appeals.—*Affirmed.*

*Berryhill & Henry* and *T. C. Gilpin* for appellant.

*A. R. Dabney* for appellee.

ROBINSON, J.—The petition alleges that the plaintiff was married to defendant in September, 1891; that

he was then a widower, without minor children or a fixed home, and that she was a widow, with one child about six years of age; that, as an inducement to the marriage, the defendant represented that he was wealthy and able to procure a good home in a desirable town or city; that he would procure such a home wherever the plaintiff might desire it, and would provide for herself and child all necessaries and suitable comforts; that, relying upon those representations, the plaintiff was induced to consent to the marriage; that soon after it was consummated, the defendant took the plaintiff to live in a small house with a married son and a family, and in a short time thereafter, rented rooms in Winterset, with another family; that he failed to provide suitable furniture, dishes, and other necessary articles; that he was sick in November and December, and required much care and nursing, both day and night; that he refused to permit her to procure help, and she was compelled to and did devote her entire time and attention to him, and went with him to Florida and other places for his health, and took the best of care of him, and that they returned to Iowa in the spring of 1892; that he rented a residence, but refused to furnish it in a respectable manner; that he refused to permit her to make purchases on his credit, and personally notified dealers in Winterset not to sell her on his credit; that he furnished only the coarsest and cheapest kind of food, and frequently intimated, without any cause or excuse, that she was untrue to him and too intimate with other men; that he cursed her and used vulgar, profane, and vile language in the presence of herself and family, and tried in every conceivable way to annoy and humiliate her; that in May, 1892, without any just cause or excuse, and without giving her any reason, he voluntarily absented himself from their home, and refused and still refuses to return to and live with and support her, although repeatedly and earn-

estly requested so to do; that he occasionally visits her, has her write letters for him and read to him those he receives, makes visits with her to Des Moines, demands and receives the privileges of a husband, but refuses absolutely to contribute anything to the support of herself and son, to pay house rent, or to permit her to make purchases on his credit, and that he seeks to humiliate her; that she has at all times conducted herself as a loving, true, and faithful wife, and has discharged every duty which has devolved upon her as the wife of defendant; that she is destitute, and is unable to support herself and son; that she is anxious for the defendant to return to her, and has requested him to do so, but that he refuses to return. She asks for an allowance to enable her to prosecute the action, for fifty dollars per month from the time defendant left her until the cause shall be tried, and for one hundred dollars per month for the time he shall live away from and refuse to provide for her. The answer of defendant admits the marriage, his sickness and the visit to Florida and other places, and that he is not living with nor supporting her. It denies that she has discharged her duties as a wife, denies that he has failed to discharge his duties as a husband, and alleges that during the eight months of their married life he spent large sums of money for her, and had paid to her three hundred dollars; that she has frequently told him and others that she intended to get all the money she could and buy all she could on his credit, and that she has done so, obtaining goods not needed, which she sent to her mother and sister; that he did not notify the merchants of Winterset not to sell to her goods on his credit until he was compelled, by her ill treatment and abuse of him and threats against his life, to leave her. The answer further alleges that the plaintiff wrongfully obtained from the Cass County bank one thousand dollars which belonged to him; that, to injure him, she has

sent for her mother and a sister's son fifteen years of age, and demands that defendant support them, and that they are living with the plaintiff in the house provided by him; that the plaintiff has in her possession all the household and other property which he has purchased, the one thousand dollars obtained from the Cass County bank and three hundred dollars in money he paid to her, and that, but for her abuse and ill treatment, he would still be living with and supporting her; that she has the habit of becoming intoxicated, and, when in that condition, has been abusive, obnoxious, and insulting to various persons, to the disgrace of defendant; that prior to May, 1892, she became improperly intimate with other men; that she has confederated with her mother to injure and abuse him, and that each of them has used personal force and made threats against his life. The answer also sets out an antenuptial agreement, by which the plaintiff contracted to accept fifteen hundred dollars after his death, in lieu of her distributive share in his estate. The motion of plaintiff for temporary alimony was supported and resisted by affidavits, and was sustained by the court, the defendant being required to pay an attorney's fee of one hundred dollars, a like sum for the procuring of evidence, and thirty dollars per month during the pendency of the litigation, for the support of plaintiff.

I. The appeal in this case was taken in October, 1892. At the January term, 1893, of this court, a motion was filed by the appellee to affirm the decree for temporary alimony on the ground that the appeal had not been perfected and prosecuted, as required by the statutes and rules governing such cases. The motion was continued, and at the October term, it was sustained. An application was at once made by the appellant to set aside the order of affirmance, and at the January term, 1894, that application, with the entire record in the case on this appeal, was sub-

mitted for final determination. It is made to appear that some confusion arose in regard to the condition of the case and the wishes of the appellee with respect to it, a part of which was due to the fact that one of the attorneys for the appellant resided in Winterset, and the others in Des Moines. One of the Des Moines attorneys claims that he was informed by the clerk of this court that the motion had been overruled, and, believing the information to be correct, he prepared for a submission of the cause on the merits; that it was not learned that the motion had not been overruled until after it was sustained. The appeal appears to have been taken and prosecuted in good faith, although not with commendable diligence, but, in view of the fact that the appellant was mistaken, seemingly without fault upon his part, in regard to the action of this court on the motion to affirm, and in view of the further fact that the cause is fully argued, and is now ready for final determination on the merits, the application to set aside the order of affirmance is sustained, the motion to affirm is overruled, and the appeal will be determined on the merits.

II. The conflict in regard to material issues presented by the pleadings and affidavits on which the motion for temporary alimony was sustained is so great and so irreconcilable, that it is evident the real merits of the controversy and the rights of the respective parties can not be ascertained excepting upon a full submission of the cause. We can only determine, on this appeal, whether the showing of merit and probable ground for relief on part of plaintiff is sufficient to sustain the allowance in her behalf, made by the district court. The wife, if without fault, is entitled to support from her husband, to be regulated according to their means and station in life. It is well settled that in this state she may maintain an action for such support without asking for a divorce. *Platner*

*v. Platner*, 66 Iowa, 378, 23 N. W. Rep. 764; *Farber v. Farber*, 64 Iowa, 363, 20 N. W. Rep. 472; *Whitcomb v. Whitcomb*, 46 Iowa, 444; *Graves v. Graves*, 36 Iowa, 310; and in *Finn v. Finn*, 62 Iowa, 482, 17 N. W. Rep. 739, it was held that the husband can be required to furnish money for the prosecution of such an action. The law presumes that the wife is entitled to receive support from her husband. Ordinarily, it is true, she is entitled to receive it only when she is living with him; but the reasons which dictate an allowance for suit money, apply as well in favor of an allowance for her support while the litigation is pending. A showing that she is without means, and that her husband is able to furnish them, and that she is entitled to an allowance with which to carry on the litigation, will, ordinarily, be sufficient to justify an allowance for her necessary support.

III. Although the conflict presented by the pleadings and affidavit is great, yet facts are admitted, or are sufficiently established, for the purposes of this appeal, as follows: The parties were married in September, 1891, and lived together until May, 1892, when defendant left the plaintiff, and since that time he has lived apart from her, and refuses to contribute to her support. She did not wish him to leave her, and desires his return, and is ready to live with him as his wife. They became acquainted with each other in Omaha, in April, 1891, at which time he was about seventy-four, and she thirty, years of age. She was working in the millinery store of a sister, but at the solicitation of defendant, she left her employment, and came with him to this state, where they spent some time with his children, and visited different places. During that time, and before their marriage, they indulged frequently in sexual intercourse. She claims that he told her he would marry her as soon as he ascertained that a former wife had obtained a divorce

from him, or, if she had not, as soon as he could obtain one from her, and meanwhile, would contribute one thousand dollars for the support of certain of her dependent relatives if she would comply with his wishes; that she did so, and that the one thousand dollars drawn from the Atlantic bank were paid to her pursuant to their agreement. The conduct of plaintiff does not appear to have been exemplary in all respects since her marriage to the defendant, but it is not shown that she has given him cause for obtaining a divorce. They did not live together in entire harmony, but he had reason to expect much of that of which he complains, in view of the difference between their ages, and other facts of which he had knowledge when they were married. Although she obtained one thousand dollars of him, as stated, it seems to have been paid to her in June, July and August before the marriage, and to have been expended by her in assisting relatives. She states that it has been so spent, and that she is without money or other means of prosecuting her action, and that statement is not disproved. The parties made an antenuptial agreement, but it referred to the distribution of his estate after his death, and did not relieve him from his duties as her husband during their lifetime. The charges of drunkenness and improper conduct made against the plaintiff are denied by her. Since he has left her, he has visited her and has had frequent sexual intercourse with her. What occurred before the marriage, with the knowledge of defendant, affords him no just ground for complaint, and she should be given the opportunity to show, if she can, after due preparation in a proceeding where the facts can be fully investigated, that she is guiltless of wrong since the marriage, and that it is the duty of defendant to furnish her separate support while he refuses to live with her. He appears to have property of the value of

twelve thousand dollars or more, and the allowance made by the district court was not excessive.

IV.   The appellee asks that an allowance be made to her for expenses incurred in prosecuting this appeal. We think she is entitled to it. *Doolittle v. Doolittle,* 78 Iowa, 695, 43 N. W. Rep. 616.   The sum of fifty dollars is allowed her to compensate her attorney for services rendered on account of this appeal.   AFFIRMED.