## MILLIRON v. MILLIRON.

A court may, in an action for separate maintenance, require defendant to provide counsel fees and temporary support for plaintiff, though provision is made therefor by statute only in case absolute divorce is sought, and though the allegations of the complaint are denied by the answer.

(Opinion filed Aug. 5, 1896.)

Appeal from circuit court, Brule county. Hon. D. HANEY, Judge.

Action by Phœbe Milliron against Lorenzo Milliron for separate maintenance. From an order requiring defendant to make payments to plaintiff for counsel fees and temporary support, defendant appeals. Affirmed.

The facts are stated in the opinion.

*S. H. Wright,* for appellant.

This is an action at law. § 2596, Comp. Laws; Sykes v. Bank, 2 S. D. 242. To sustain the court below would require the insertion of words not found in the section. Mortgage Co. v. Bradley, 4 S. D. 162. See, also, Rudolph v. Herman, 4 S. D. 283; Short v. Twp. of White Lake, 65 N. W. 433.

*James Brown,* for respondent.

In this state a court of equity has jurisdiction of an action to compel a husband to support his wife who is justified by his conduct in living separate from him, and may require him to

pay a reasonable sum for attorney's fees to enable her to maintain the action.    Bueter v. Bueter, 1 S. D. 94.    See, also, Daniels v. Daniels, 10 Pac. 657; Storke v. Storke, 34 Pac. 339; Simpson v. Simpson, 59 N. W. 22; Harding v. Harding, 32 N. E. 206; Razor v. Razor, 39 N. E. 963; Shaw v. Shaw, 2 App. (D. C.) 204; 1 Am. & Eng. Encyc. of Law, 471.

FULLER, J.    Upon the application of plaintiff, supported by certain affidavits and her verified complaint in this action for separate maintenance, the court below made an order requiring the defendant to pay plaintiff $100, with which to retain counsel, and $25 per month for the support of herself and her children pending the suit, and from said order the defendant appeals to this court.

The marriage is admitted, and it appears from the complaint and affidavits used upon the hearing of the motion for temporary alimony and counsel fees that the defendant is a dentist by profession, and obtains for his services money amply sufficient to enable him to provide for his family and contribute to his wife, who is entirely without means, the required maintenance, and the amount found by the court to be necessary in order to enable her to prosecute her cause, which, if proved as alleged, would fully justify a decree granting the relief for which she prays.    Counsel for appellant maintains that in an action for separate maintenance, when an answer places in issue the facts alleged in the complaint, the court is without power to make the order complained of, or grant any relief, until the cause has been tried and the facts determined by a jury; and to sustain such contention he confidently relies upon Sec. 6 of the bill of rights, in which it is declared that "the right to trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy." In support of his position he also cites Sec. 5032 of the Comp. Laws, and further insists that in this state a court of equity has no jurisdiction to compel a husband to provide for the support

of his wife pending an action for separate maintenance.  The statute expressly provides that while an action for divorce is pending the court may compel the husband to pay alimony for the support of his wife and children, or to enable her to prosecute or defend the action; and, although the divorce be denied, the court has power to require the husband to provide for the maintenance of the wife and her children, or any of them. Comp. Laws, §§ 2581, 2582.   That the court had jurisdiction of the party is apparent from an inspection of the record, and the facts stated in the complaint disclose subject matter clearly within equitable cognizance, and sufficient, if true, to justify a decree consistent with plaintiff's prayer for relief.   While the statute makes no express provision for temporary alimony, except as an incident to an action in which the marriage relation is sought to be annulled or dissolved, a court of equity is not precluded from requiring the husband to pay suit money, and, in a proper case, support his wife during the pendency of an action to determine her right to permanent and separate maintenance.   Independently of statute, the subject is inherently within the general jurisdiction of a court of equity, and our attention has been called to no act of the legislature designed to limit such courts to cases which include in the relief sought a prayer for an absolute divorce.   The true rule is that although the statute makes no provision for temporary alimony, as an incident to an action for separate maintenance, where no decree for a divorce is prayed for, a court of equity is not precluded, in a proper case, from compelling the husband to maintain his wife and provide suit money with which to enable her to prosecute or defend the action.   Daniels v. Daniels (Colo. Sup.) 10 Pac. 657; Verner v. Verner, 62 Miss. 260; Galland v. Galland, 38 Cal. 265; Simpson v. Simpson (Iowa) 59 N. W. 22; Miller v. Mill (Fla.) 15 South. 222; Johnson v. Johnson, 125 Ill. 510, 16 N. E. 891; Harding v. Harding, 144 Ill. 588, 132 N. E. 206; Vreeland v. Vreeland, 18 N. J. Eq. 43; 2 Nels. Div. & Sep. p. 973, and cases there collected.   In the case of Glover v.

Glover, 16 Ala. 440, the court says: "The broad ground upon which the jurisdiction is made to rest is the unquestioned duty of the husband to support the wife, and the inadequacy of legal remedies to enforce this duty." Plaintiff, if her complaint and and affidavits used on the hearing of the motion are true, is without means with which to maintain herself and prosecute an action rendered necessary by her husband's misconduct and wanton refusal to support her, and there is no valid reason why he should not pay the amount awarded by the trial court. We have considered the facts disclosed by the record, upon which the order complained of is based, sufficiently to justify the conclusion that respondent is prosecuting her action in good faith, and that, in view of all the circumstances, the trial court, in directing appellant to pay the amount specified, acted within its sound judicial discretion; and the order appealed from is therefore affirmed.

HANEY, J., taking no part in this action.