MYRTLE WALKER, Appellee, v. HUGH L. WALKER, ET AL., Appellants.

Divorce: DESERTION: EVIDENCE: ALIMONY.  In an action for divorce on the ground of desertion and for alimony and separate

maintenance, the evidence is held sufficient to justify a finding of willful desertion by the husband, and the alimony allowed by the trial court sustained.

**Alimony.** A suit for alimony without divorce may be maintained and a deserted wife may resort to the interest of her husband in his deceased father's estate, for her support and that of her minor children, at any time during the marital relation.

**Alimony:** ENFORCEMENT BY LIEN: FRAUDULENT SALE BY ADMINISTRATRIX. An administratrix has no right to sell property of the estate to herself either directly or through the agency of another. Evidence held to show that a sale by an administratrix was fraudulent as to complainant who was entitled, after her husband's desertion, to have a judgment for alimony made a lien upon his interest in such property.

**Administratrix's sale:** SETTING ASIDE. A court of equity will set aside an administratrix's sale of property on being advised that the administratrix herself was the real purchaser, although the sale as reported to have been made to a third party was approved by the court.

**Mortgage liens:** PRIORITY. The mortgagee of a purchaser at an administratrix's sale, having accepted the mortgage in good faith, acquires a lien superior to a judgment for alimony subsequently obtained.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

FRIDAY, FEBRUARY 10, 1905.

ACTION in equity by plaintiff to recover from her husband, the defendant, Hugh L. Walker, alimony for the separate maintenance and support of herself and minor child; also, as against the defendants Juliette W. Walker and D. E. Bowen, to subject certain real estate to the payment of the award to be made to her. The facts, as far as material, will be found stated in the opinion. In general, the decree was in favor of plaintiff as against all defendants. The defendant Hugh L. Walker appeals from the award of alimony, and the defendants Juliette W. Walker and D. E. Bowen appeal from that portion of the decree whereby the judg-

ment for alimony is established as a lien upon the real estate in question. Plaintiff appeals from the decree as inadequate, in certain respects, for the enforcement of her rights. The defendants, having first appealed, will be denominated the appellants.—*Affirmed.*

*John W. Scott* and *Willard & Willard,* for appellants.

*Swan & Bruce,* for appellee.

BISHOP, J.—I. We may first dispose of the matter involved in the appeal of appellant Hugh L. Walker. He was married to plaintiff early in the year 1898. The marriage

1. DIVORCE: desertion; evidence; alimony.

was a secret one, and was entered into on the eve of his departure from his home, near the city of Atlantic, in this State, to the Pacific Coast; it being the understanding that he would there make a home for himself and plaintiff, whereupon the marriage should be proclaimed, and the latter would then go to him. The occasion for secrecy was the expressed opposition of the parents of defendant to a marriage with plaintiff. After the marriage, plaintiff continued to live with her parents at their home, also near Atlantic. Late in the year 1898 there was born to plaintiff and defendant a daughter, who has since resided with her mother. This action was commenced in April, 1902, and the charge made is desertion, accompanied with an allegation that she (plaintiff) is in poor health, and has no means to support herself and minor child. We shall not attempt to go over the evidence in detail. We have read the mass thereof which the abstracts present, and we are satisfied that defendant willfully and without cause absented himself from his wife and child, and that his purpose was to free himself by a divorce when the opportunity should present itself. This is made plain by his refusal to return to his family, and by his attempt to procure a divorce on service of notice by publication in the courts of the State of Washington. The attempt

so made was frustrated by plaintiff, who, learning of such proceedings, entered an appearance, whereupon the action was at once dismissed, and defendant left for parts unknown. There is nothing in the record to justify his conduct, and we agree that the court below had ample warrant for its finding that the charge of desertion had been made out.

The award of alimony made by the court was in the sum of $213 payable at once, and the sum of $180 per year thereafter, payable semiannually during the continuance of the present relationship. There was included an allowance for attorney's fees and expenses of litigation. Appellant complains of the award as excessive. We think his complaint is without merit. The court gave to plaintiff the custody of her child, and certainly the amount of the award will be no more than sufficient to enable her to properly clothe, maintain and educate her minor child, to say nothing respecting the support of herself.

II. The foregoing considerations dispose of the appeal of the defendant Hugh L. Walker, and we may now take up the questions presented by the appeal of Juliette W. Walker and her codefendant Mrs. D. E. Bowen. The primary facts involved may be stated as follows: Defendant Hugh L. Walker is the son and only child of J. D. Walker, now deceased, and defendant Juliette W. Walker. J. D. Walker died in the year 1900, intestate, and seised of three several tracts of land in Cass county — one of 5, one of 40, and one of 80 acres. Juliette W. Walker was appointed administratrix of the estate of her husband, and, in the course of the settlement thereof, she procured an order of court authorizing her to sell the lands in question, excepting her dower interest therein, to pay debts. Subsequently she sold such lands at private sale to her codefendant Mrs. Bowen, and the sale was approved by the court. About a year later Mrs. Bowen reconveyed to Mrs. Walker all the lands so purchased by her. It is the contention of plaintiff that upon the death of J. D. Walker a corrupt and

fraudulent agreement was entered into between all three of
the defendants, the purpose thereof being to so dispose of the
property of the estate, real and personal, as that upon final
settlement the defendant Hugh L. Walker would be found
to have no interest therein, and thereby to defeat collection
of the claim it was expected would be made, and which is
now being made, by plaintiff, as against her said husband,
for alimony or support money. It is said that such agree-
ment was carried out in part by the transfer of the title to
said lands made as stated above, and that in reality said
transfer was one made by the administratrix to herself, and
was so intended, and that she now holds title to said real
estate in trust for her son and codefendant. The prayer
of the petition is that Hugh L. Walker be decreed to be the
real owner of a two-thirds interest in said lands, and that
the award made to plaintiff may be established by the de-
cree as a lien thereon. Qualified as hereinafter stated, such
was the decree entered.

Without doubt, the defendant Hugh L. Walker upon
the death of his father became possessed of title in fee to
an undivided two-thirds interest in the lands in question.

2. ALIMONY. This, of course, subject to the rights of credit-
ors having claims against the estate of the
father, and for the payment of which the appropriation of
said real estate might become necessary. Title having vested
in him, plaintiff, as his wife, not only became possessed of
an inchoate right of dower therein, but she became entitled
to resort by proper proceedings to the property for her sup-
port during the continuance of the marital relation, and
while the title thereto, legal or equitable, remained in her
husband; he failing unwarrantably to provide such sup-
port. It is well-settled doctrine in this State that a suit
in alimony, without divorce, may be maintained. Graves
v. Graves, 36 Iowa, 310; Simpson v. Simpson, 91 Iowa,
235. The right on the part of a plaintiff in such suit to
invoke a decree canceling and setting aside a conveyance

of property made in fraud of her rights, and to prevent a collection of the award to be recovered as prayed for, while not distinctly raised, was recognized in *Platner v. Platner,* 66 Iowa, 378. As such right is not questioned in the instant case, we need not give the subject further attention.

Upon consideration of the fraud issue tendered by plaintiff, the court found as a fact in the case that the sale made by Mrs. Walker in her capacity as administratrix was 3. ALIMONY: in effect a sale made to herself personally. enforcement by lien. Upon this finding alone the court planted its decree setting aside such sale, and establishing, subject to limitations, the award made to plaintiff as a lien upon said real estate. It is the correctness of the finding thus made, and position taken thereon, that the appellants assail in argument. Going to the record for the facts, it appears that at the time of the death of J. D. Walker there was ·an incumbrance resting on the 80-acre tract in the sum of $1,000. On the 40-acre tract, and on the 40 acres adjoining the same, owned by Mrs. Walker, there was an incumbrance by one instrument in the sum of $900. The sales of said lands to Mrs. Bowen were made subject to such in· cumbrances. Mrs. Walker also conveyed, and at the same time, her one-third interest in all said lands to Mrs. Bowen. At once upon receiving the conveyances,. Mrs. Bowen further incumbered all said tracts in their entirety to secure a loan made to her in the sum of $1,500; and that sum of money, at least, was paid over by her to Mrs. Walker. We have⁻ already alluded to the attitude assumed by defendant Hugh L. Walker toward his wife, the plaintiff. At the time this action was commenced he had returned to this State, and was living with his mother. It is undoubtedly true that Mrs. Walker, the mother, not only opposed the marriage of her son to plaintiff, but her attitude toward the latter has ever since been one of hostility, bitter in the extreme. This she has made no effort to conceal, and she repeatedly declared that plaintiff should not get one dollar if she could

help it. Without going into details, the evidence satisfies us that the sale of the lands in question, as made, was with the secret understanding that, when requested, a reconveyance should be made to Mrs. Walker. Mrs. Bowen is a niece of Mrs. Walker, and has always lived with her; and it may be doubted if any considerable sum of money, other than the $1,500 borrowed, passed between the two, in respect of the transaction as a whole. Moreover, Mrs. Walker retained possession of the lands during all the time the title stood in the name of Mrs. Bowen, and took to herself the rents and profits thereof. Now, that she had the right to sell such lands to pay the debts of the estate cannot be doubted; but she had no right to sell to herself, either directly or through the mediation of a third person. Sales thus made will be set aside on motion of any party interested. *Sypher v. McHenry,* 18 Iowa, 232; *Read v. Howe,* 39 Iowa, 553; 11 Am. & Eng. Enc. (2d Ed.) 1129.

Counsel for appellants seem to think that as the sale was made under an order of the probate court, and subsequently approved, there can be no interference therewith.

4. ADMINIS-TRATRIX'S SALE: setting aside. This cannot be true. The sale was reported as having been made to a third person, and it would be a reproach upon our system of jurisprudence to say that a court of equity could not set aside such a sale upon being advised that a fraud had been committed, in that the real purchaser was the administratrix herself. Authorities are not lacking to support this conclusion. *Read v. Howe, supra; West v. Waddill,* 33 Ark. 575; 11 Am. & Eng. Enc. (2d Ed.) 1151.

The decree of the court below established a lien in favor of plaintiff upon the undivided two-thirds of the several tracts — as to the eighty-acre tract, such lien to be subject to two-thirds the mortgage incumbrance resting thereon; as to the forty-acre tract, the lien to be subject to one-third the mortgage incumbrance resting thereon. Of this, as already

indicated, we do not think the appellants, Mrs. Walker and Mrs. Bowen, are in any position to complain.

A word now as to the plaintiff's appeal: She complains that the lien established in her favor should have been given precedence over the lien of the mortgage executed

5. MORTGAGE LIENS: priority. by Mrs. Bowen. It is manifest that such would not be proper. Even if the holder of such mortgage was before the court — and he is not — the evidence shows that he accepted the mortgage from the possessor of the legal title, and for value, and there is no showing that he had any knowledge as to any right on the part of the plaintiff. In her petition, plaintiff complains, also, of the matters involved in the settlement of the personal estate of J. D. Walker. Should we concede the right, in an action of this character, and based upon allegations such as are here made, to have the accounts of an administratrix reviewed — a point concerning which doubts may well exist — we should have to hold that the proof of fraud and wrongdoing is not of such satisfactory character as to warrant any relief to plaintiff. This accords with the judgment of the court below, and we give thereto our approval.

We conclude that the decree was right in all respects, and as to each of the several appeals it is affirmed. The costs will be taxed to the appellants, as designated in the title above.—*Affirmed.*