GORDON & BELSHEIM, Appellee, v. TURINE BRACKEY and ALBERT A. BRACKEY, Appellants.

**Divorce:** LIABILITY OF HUSBAND FOR WIFE'S ATTORNEY FEES. An attorney for a wife in a divorce suit can not, upon a dismissal of the action without his consent, maintain an action against the husband for his services, although the wife may have good cause for divorce.

*Appeal from Winnebago District Court.*—HON. C. H. KELLY, Judge.

SATURDAY, MARCH 13, 1909.

REHEARING DENIED SATURDAY, JUNE 5, 1909.

DEMURRER to plaintiff's petition having been overruled, the defendant Albert A. Brackey appeals.—*Reversed.*

*L. A. Jensen,* for appellant.

*Oliver Gordon* and *G. H. Belsheim, pro se.*

PER CURIAM.—The petition alleges that Albert A. Brackey and Turine Brackey are husband and wife; that, upon the employment of the latter, the plaintiffs, constituting a firm of practicing attorneys, began suit for her

against her said husband for a divorce on the ground of cruel and inhuman treatment, endangering her life; that, in pursuance of their employment, they did institute such proceedings, prepare the necessary pleadings therein, secured the issuance of an attachment and levy thereof upon the husband's property, and performed other services in the prosecution of said action, when the said Turine Brackey upon the solicitation and request of her husband and without the advice of her said attorneys, dismissed the action. Plaintiffs allege that they acted in good faith in bringing the suit; that they then believed and now charge the fact to be that their said client had a good cause of action therein, and a sufficient ground for a divorce from her husband; and that their services in her behalf were reasonably worth $200, for which they demand judgment against both husband and wife. To this petition the defendant Albert A. Brackey demurred because it fails to show any agreement or contract, express or implied, by which he became bound to pay for the services alleged to have been rendered at the request of his wife. The demurrer was overruled and, defendant refusing further to plead, judgment was entered against him, and he appeals.

There is some conflict in the abstracts as to the true state of the record concerning pleadings and judgment entry, but the appellees in argument concede the correctness of the foregoing statement. After consideration of the record and arguments of counsel, we think this case is clearly ruled against the plaintiff by the decisions in *Sherwin v. Maben,* 78 Iowa, 467; *Wald v. Wald,* 124 Iowa, 183; *Stockman v. Whittemore,* 140 Iowa, 378. Appellees do not deny the general rule announced in the foregoing cases; but advance the proposition that, if the wife had in fact a good ground for the divorce for which she asked, her counsel may hold the husband liable for their services, even though the divorce proceeding be dis-

missed by their client and the divorce be not granted. But we think this can not be allowed. To hold to such a rule would be to say that, after an estranged husband and wife have become reconciled to each other and settled all their domestic difficulties, a third party may put the merits of their former family strife in issue, and ask a jury to say the wife was entitled to a divorce which was never granted. Such a proceeding is against the policy of the law and ought not to be tolerated. None of the authorities cited by appellee go to this extent, and we are not disposed to establish such a precedent.

It follows that the trial court was in error, and the judgment appealed from is reversed and cause remanded, with direction to sustain the demurrer to the plaintiff's petition.—*Reversed.*