MARY E. HARLOW v. B. P. HARLOW, Appellant.

**Husband and wife:** ABANDONMENT: SEPARATE MAINTENANCE: EVIDENCE. Although separate maintenance should not be granted where ground for divorce is not shown; yet where the husband has abandoned the wife and refused to support her, which, if continued for the statutory period, would constitute desertion and authorize a divorce, the wife may be awarded an intermediate allowance of suit money and temporary support.

In this action the evidence is held to make a prima facie case of abandonment and to authorize an allowance of suit money and temporary maintenance until a final hearing is had.

**Same:** SEPARATE MAINTENANCE: ALLOWANCE. In view of all the circumstances of the parties, as shown in this case, an allowance of $125 for temporary maintenance up to the time of final decree is held proper.

*Appeal from Dallas District Court.*—HON. J. D. GAMBLE, Judge.

THURSDAY, FEBRUARY 9, 1911.

IN an action for separate maintenance, asked on the ground that defendant had ceased to live with plaintiff as his wife and had ceased to contribute anything to her support, there was an application for support money pending litigation. A demurrer to this application was overruled, and on evidence introduced on each side the court awarded to plaintiff $50 for attorney's fees and $25 per month for five months. From this order the defendant appeals. *Affirmed.*

*White & Clarke,* for appellant.

*W. H. Fahey,* for appellee.

McCLAIN, J.—The position of appellant is that separate maintenance, can not be allowed without allegation and proof of a cause for divorce, and, as no cause for divorce is alleged in plaintiff's petition, it was error to allow plaintiff anything for attorney's fees or temporary support during litigation.

There seems to be no doubt of the rule in this state that separate maintenance should not be granted without the existence of a ground for divorce is shown. *Shors v. Shors,* 133 Iowa, 22. On the other hand, it is well settled that where there is an abandonment of the wife by the husband and refusal to support, which, if continued for two years, would constitute the statutory desertion warranting a divorce, the wife is not in the interval to be left helpless, but may sue for separate maintenance. *Graves v. Graves,* 36 Iowa, 310; *Finn v. Finn,* 62 Iowa, 482; *Walker v. Walker,* 127 Iowa, 77; *Farber v. Farber,* 64 Iowa, 362. And see *Russell v. Russell,* 150 Iowa, 137. And in such an action there may be an intermediate allowance of suit money for carrying it on and for temporary support. *Finn v. Finn, supra; Simpson v. Simpson,* 91 Iowa, 235.

The allegations of the petition show abandonment of plaintiff by defendant without fault of plaintiff and failure to contribute anything to plaintiff's support, and therefore, if the evidence taken on the trial of the intermediate issue as to temporary allowance reasonably sustained the allegations of the petition, it was not error to make an allowance to plaintiff for attorney's fees and temporary maintenance.

We have very great difficulty in determining, however, through whose fault the separation of these parties took place within a year after their marriage. For the first

two months of their married life they. lived with plaintiff's parents. Then they moved to a farm, which was being managed by defendant and his brother jointly, each having some residuary interest in the property, and here for a time defendant's brother lived with them. On account of occasional disagreements between defendant and his brother as to the management of the farm, which were very distressing to plaintiff, she refused to cook for defendant's brother. Thereupon the farm was divided, and two rooms in the house were set apart for defendant's brother and their mother, who came to take care of him, while plaintiff and defendant occupied the remainder of the house, consisting of six or seven rooms. The proximity of defendant's mother was very aggravating to plaintiff, although no specific ground of aggravation of any consequence is shown. Plaintiff persisted, to the great inconvenience of defendant, in going three or four times a week to her parents' home in the neighboring town about two miles distant and spending a considerable portion of her time there, leaving defendant to do a considerable part of the housework. Plaintiff also objected to cooking for the hired man, whom defendant employed in assisting him on the farm, basing this objection, as she testified, on the conduct of the man himself, though her reasons for such objection were not disclosed in the testimony. Later the defendant accepted a position as supply conductor on an interurban railway which ran through the neighboring town and rented a house in town in which plaintiff should live with him; but as defendant was only at home as a rule Saturday nights and Sundays, plaintiff seemed to consider it unnecessary to remain in this home any considerable part of the time. One Saturday night defendant found the house vacant and locked and his wife at her parents, and he became apparently discouraged with the situation, and on an interview with the plaintiff the next day told her, as she testified, that he was through with her and did not con-

sider her his wife any longer. Thereupon the plaintiff removed all the furniture, including the kitchen furnishings and bedding, to her parents' home. A part of this furniture consisted of a piano and rugs which she had herself purchased on her husband's credit and for which he was and is still indebted. The circumstances were justifiably aggravating to the defendant; but we do not think the evidence shows a permanent desertion by the plaintiff. If there was in fact no such desertion, then the defendant was not justified in refusing further to provide a home for his wife where she should receive reasonable support. Both parties seem willing to acquiesce in the present condition of separation; the only difficulty being that the plaintiff desires separate maintenance, which the defendant is unwilling, and as he claims is unable, to pay. Now, if the defendant did without sufficient cause declare that he would no longer treat the plaintiff, as his wife, nor provide for her as such, he was at fault, and she was under no further obligation to try to live with him. It does not appear that she has ever refused to do so. His denial of a definite abandonment of the plaintiff is, to say the least, equivocal, and he has not since indicated any desire that she should return to him nor any effort to provide a home for her. Under these circumstances, we think the plaintiff has made out a *prima facie* case of abandonment by the defendant without an adequate cause which, if continued for the statutory period, will constitute such desertion as will entitle her to a divorce. Therefore the lower court did not err as a matter of law in making an allowance to plaintiff of suit money and for temporary maintenance. It must be understood that what we say as to the merits of this controversy relates only to the showing on a preliminary hearing, and our only holding is that plaintiff makes out a *prima facie* case justifying an allowance of suit money and temporary maintenance until a final hearing can be had.

If the allowance to plaintiff for temporary maintenance had been in the amount of $25 per month until final decree, we should regard it as altogether too large. The defendant is not earning any more than $45 or $50 per month, his employment being somewhat irregular, and he owes debts in excess of the value of his personal property. The real property in which he has an interest as heir of his father is not available as a source of income so long as his mother is alive. No showing is made on the record why plaintiff herself should not do something for her own support and maintenance. Where husband and wife are living together, the care of the home and of the children, if there may be any, will usually be regarded as her proper contribution to the joint support of the family; but in case she is satisfied to live apart from her husband, as this plaintiff seems to be, with no children to care or provide for, we are not inclined to think that any very considerable provision for her separate maintenance ought to be required out of the earnings of her husband, who has to provide for himself entirely by his own labor. However, the court only allowed plaintiff $25 per month for five months, and, in view of the delay in the final determination of the case, which seems to have been occasioned solely by defendant's appeal, we conclude that this allowance ought to stand as in full up to the time of final decree, if any there be. The order of the court is therefore *affirmed*.

2. SAME: separate maintenance: allowance.