C. C. MADDY, Appellant, v. CHARLES PREVULSKY, Appellee.

**HUSBAND AND WIFE:** Liability of Husband—Necessaries—Action for Divorce. A husband, actually guilty of such conduct towards his wife as necessitates an action of divorce, with attendant remedies for her protection, is liable to an attorney for the reasonable value of his services, rendered in good faith and at the instance of the wife in preparing and bringing such action, even though subsequently the wife causes the action to be dismissed. *Gordon v. Brackey*, 143 Ia. 102, overruled.

WEAVER, EVANS AND PRESTON, JJ., dissent.

*Appeal from Wapello District Court.*—C. W. VERMILION, Judge.

TUESDAY, JANUARY 9, 1917.

ACTION to recover for services rendered a wife in a

divorce proceeding against her husband. Judgment for the defendant in the court below. Plaintiff appeals.—*Reversed.*

*Lowenberg & Maddy* and *Jaques & Jaques,* for appellant.

*J. J. Smith,* for appellee.

GAYNOR, C. J. Plaintiff brings this action to recover for services rendered the defendant's wife in a divorce proceeding instituted by her against her husband. A demurrer was interposed to the petition and sustained. Plaintiff appeals.

**HUSBAND AND WIFE: liability of husband: necessaries: action for divorce.**

The petition to which the demurrer was sustained alleges that, on the 12th day of June, 1914, defendant's wife, Belle Prevulsky, employed a firm of attorneys to institute an action for divorce; that before the bringing of the suit she frequently consulted with them, and thereafter, on her request, they prepared a petition asking a divorce, and praying for an attachment against the property of the defendant; that subsequently, an amendment to this petition was prepared and filed, asking for an injunction restraining the defendant from going to the home occupied by his wife; that said petition was presented to a judge of the district court, and an attachment procured against the property of the defendant, and an injunction issued restraining the defendant from molesting or interfering with his wife, or going to the home she then occupied; that the attachment and injunction were both served on the defendant, and property of the defendant attached.

Plaintiff further says that, in the divorce proceedings instituted by the defendant's wife against him, she made the following allegations: That, since her marriage, and especially during the last year, he (the defendant) has been guilty of such repeated acts of cruel and inhuman treatment towards her as to endanger her life; that he has repeatedly struck, slapped and whipped her, and daily called her vile

names, and wrongfully accused her of unchastity; that, for the last month preceding the filing of the petition, he has not spoken a kind word to her, and within the last day or so, without any provocation, has slapped her on the side of the face, struck her with his fist and knocked her down; that the attorneys who instituted the suit consulted with neighbors and friends of the defendant's wife before and after the filing of the petition for the divorce; that these persons were familiar with the facts set forth in the petition, and corroborated the allegations thereof as to the cruel and inhuman treatment; that the plaintiff wife had, at the time said petition was filed, a good action for divorce against her husband, and was entitled to a divorce from him on the grounds set out in her petition.

She further alleged, by amendment to her petition, that, since the filing of the original petition, he continued his abuse of her, frequently cursed her, called her vile names, and ordered her to leave the house and not come back, and refused to give her any clothes or any money; that she had no place to go and no place to stay. All the allegations of the petition were sworn to by the plaintiff wife before the same was filed. Plaintiff further says that the defendant's wife was absolutely without a home and without the necessaries of life, or any means of securing the same, and would have been thrown out on the streets a pauper, if it had not been for the action so taken to protect her.

Plaintiff further says that the services so rendered were necessary for the protection of the property and person of the wife, and to procure her peace and quiet, and to secure her a home; that the firm of attorneys instituting the suit devoted their best efforts in the matter hereinbefore referred to, and rendered all the service for her, both in preparing and filing the pleadings and in securing the attachment and the restraining order; that subsequently, the said Belle Prevulsky and the defendant, for the fraudulent purpose of defrauding the said firm out of the fees due them for serv-

ices rendered in the said cause, caused said suit to be dismissed and said attachment released; that they conspired, together to defraud said attorneys in doing so; that said account for services rendered was duly assigned to this plaintiff by the said firm of lawyers, and he is now the owner of the same.

To this petition the defendant demurred, alleging: (1) That the allegations of the petition failed to show any agreement or contract, express or implied, by which the defendant became bound to pay for the services alleged; (2) that the petition shows that the services were rendered in a proceeding voluntarily commenced by the plaintiff's wife. This demurrer was submitted and sustained, and plaintiff's petition dismissed at his costs. From this, plaintiff appeals.

The disposition of this case involves the consideration of the following propositions: (1) Does the petition upon its face show that the attorneys who instituted the divorce proceedings acted in good faith, and with probable grounds for believing that the institution of such suit was necessary for the protection of the wife? (2) Does it affirmatively appear from the petition that the facts alleged as a basis for the divorce, and upon which the right to the relief prayed for rested, show the action to be reasonably necessary for the protection of the wife? (3) Are the facts alleged by the wife in her petition for a divorce sufficient, if proven, to justify a court in granting the relief prayed for?

It is a fundamental proposition of law that a wife is entitled to support from her husband; that, if he fails to give it, then she has the right, as wife, to pledge his credit, to the end that she may secure for herself this necessary thing. The marriage relationship imposes duties and obligations upon each. Among the duties assumed by the husband is a duty to love, cherish, and protect the wife, to give her a home, to provide her with the comforts and necessities of life, within his means, to treat her kindly, and not cruelly or inhumanly, to discharge all the duties growing out of the

relationship which has been created by the marriage. For any violation of these marital obligations, if within the statute, she may have the marital bonds severed; and upon such severance, she is entitled, ordinarily, to receive some portion of his estate.

It is alleged in this petition, to which the demurrer is interposed, that the defendant has been guilty of repeated acts of cruel and inhuman treatment towards his wife, such as to endanger her life; that he has repeatedly struck her, slapped her, and whipped her, called her vile names, wrongfully accused her of want of chastity, and without provocation assaulted her and knocked her down. These things, if committed by the husband, were clearly a violation of the marital duties he assumed towards his wife, and, if proven, entitle her to a divorce. It is not only alleged in this petition that he did these things, but it is further asserted that the charges were true. They are clearly susceptible of proof. It is further alleged that he ordered her to leave the home and not come back; refused to give her clothes or money; that she had no place to go and no place to lay her head; that these allegations of the petition were sworn to by the wife; that they were not only sworn to by her, but were actually true. It is further alleged that she was absolutely without a home, and without the necessities of life or any means of securing the same, and would have been thrown into the street as a pauper, had it not been for this action taken to protect her. This is alleged in the petition for divorce, and is asserted in the petition here under consideration to be true in fact.

The right of these plaintiffs must be judged by the conditions that existed at the time the action was begun, and at the time the services were rendered. It cannot be determined by the subsequent conduct of the parties. The mere dismissal of the case on the part of the plaintiff, even though not fraudulently done, would not relieve the defendant of the obligation to pay for the services rendered at the time when

these services were necessary for the protection of the wife. But this case is made stronger; for it appears that it was fraudulently done, or it is so alleged. This court is committed to the doctrine that an attorney employed by a wife, in good faith, to prosecute a suit, may recover, when it is shown that the suit is necessary in the interests of the wife, and this is based upon the doctrine that the husband is liable for necessaries furnished the wife. We think the allegations of this petition show such a state of facts as makes it apparent that, at the time this suit was instituted, it was not only instituted in good faith by the attorneys, but that it was absolutely necessary that it should be instituted, in order to give the wife the then protection which, under the law, she was entitled to. The mere fact that the case was subsequently dismissed does not detract from that liability.

We think the court erred in sustaining the demurrer. We do not attempt to review the authorities in this state. We have had recent occasion to make pronouncement upon the question here involved, and we think that nothing can be added to what has been said in our recent cases. See *Wick v. Beck*, 171 Iowa 115. *Gordon v. Brackey*, 143 Iowa 102, is hereby overruled.

The case is, therefore—*Reversed.*

DEEMER, LADD and SALINGER, JJ., concur.

EVANS, J., dissenting. The conclusion of the majority necessarily overrules the case of *Gordon v. Brackey*, 143 Iowa 102. In my judgment, the holding in the cited case rests upon sound public policy, and ought to be followed herein rather than overruled. In that case, as in this, a suit was begun by the plaintiff wife, which was later dismissed by her without the consent of her attorney. The attorney brought suit against the husband as upon an implied promise to pay for the services as necessaries, alleging in his petition that the wife had in fact a good ground of divorce, and urging a

right of recovery against the husband on such ground. We said:

"But we think this cannot be allowed. To hold to such a rule would be to say that, after an estranged husband and wife have become reconciled to each other and settled all their domestic difficulties, a third party may put the merits of their former family strife in issue, and ask a jury to say the wife was entitled to a divorce which was never granted. Such a proceeding is against the policy of the law and ought not to be tolerated. None of the authorities cited by appellee go to this extent, and we are not disposed to establish such a precedent."

To permit an attorney to put to the issue of trial an alleged ground of divorce as between a reconciled husband and wife, in order to establish a basis of implied liability of the husband, is, to my mind, contrary to public morals. It is an effective form of duress, and its principal adequacy as a remedy lies in that fact. To withhold this remedy is not to leave the attorney without remedy, because he has adequate remedy in the divorce court. To prove the material allegations in his petition in the case at bar, the plaintiff must not only tear agape the healing wounds of domestic trouble, but he must disclose facts obtained by him as an attorney in professional confidence, and must, either directly or indirectly, make the wife a witness against her husband. Even though the letter of the forbidding statute may in such case be heeded, its spirit will be clearly violated.

I feel justified, therefore, in saying that the pronouncement in the *Gordon* case was one of sound public policy, upon a subject wherein the public interest is involved to a greater degree even than is that of the attorney in his fee.

I would adhere to the *Gordon* case, and would affirm the judgment of the court below.

WEAVER and PRESTON, JJ., join in this dissent.