GERTRUDE EASTMAN, Appellee, v. D. P. EASTMAN, Appellant.

**Husband and wife:** SEPARATE MAINTENANCE: ALIMONY. The allowance of temporary alimony in actions for separate maintenance is discretionary with the trial court the same as in actions for divorce.

**Same.** The court will not undertake on a preliminary motion for
2    alimony to inquire into and pass upon the merits of the case in de-
termining the motion, but it will look to the pleadings to see if
a meritorious claim is alleged, and will inquire into the financial
resources of the parties.

**Same:** TEMPORARY ALIMONY: EXCESSIVE ALLOWANCE. Where the
3    wife asking separate maintenance had done little to assist the
defendant in accumulating his property, which was not of large
value, and there was some doubt as to which of the parties was to
blame for the separation, an allowance of $200 for attorney's
fees and suit money, and $30 per month for support was exces-
sive, and is reduced on appeal to $100 for attorney's fees and
suit money, and $10 per month for support.

*Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

· MONDAY, MARCH 17, 1913.

ACTION by wife against husband for separate mainte-
nance. Appeal by defendant from an order granting plain-
tiff's application for temporary alimony. The material facts
are stated in the opinion.—*Modified* and *Affirmed.*

*Stevens, Fry & Stevens,* for appellant.

*D. G. Baker,* for appellee.

WEAVER, C. J.—The plaintiff charged defendant with
cruel and inhuman treatment, endangering her life, and with
failure and refusal to provide her a home or means of sup-
port. The defendant appeared to the action, admitted the
marriage relations, denied that he had, in any manner, ill
treated or abused the plaintiff, or refused to maintain and
provide for her at his home, and alleged that plaintiff had
left his home and deserted him without cause. Plaintiff
filed a motion for an allowance of attorney's fees, suit money,
and support, pending the action. The motion was supported
and resisted by affidavits of the parties and other witnesses,

and testimony was also taken on both sides in the presence of the court. At the close of the hearing on the motion the court made an allowance in plaintiff's favor of $100 for attorney's fees, $100 suit money, and $30 per month for support until final hearing of the issues upon the merits of the case. It is from this order the defendant has appealed.

For a reversal of the trial court's order, it is argued that plaintiff did not show probable ground for a decree of separate maintenance, and for this reason her motion for temporary alimony should have been denied. Counsel concede that in an action for absolute divorce a reasonable allowance of temporary alimony is usually granted the wife substantially as a matter of course, unless it clearly appears that she has sufficient financial resources for her support and the proper presentation and trial of her case. It is said, however, that the rule is different where the wife asks separate maintenance and not an absolute divorce; and that in such case she is required, not only to present a pleading or an issue in proper form, but must go further and make a showing of merit, upon the facts, sufficient to indicate a *prima facie* or probable right to the relief prayed for in her petition.

It has quite often been held by this court that allowance of temporary alimony, in divorce cases, is largely a matter of discretion in the trial court, with which we will not interfere, except in extreme cases. *Campbell v. Campbell*, 73 Iowa, 482. It is true that the distinction made by counsel between alimony in actions for absolute divorce and in actions for separate maintenance has the support of certain precedents from other states. See 14 Cyc. 761, and cases there cited. We have not examined to see how far, if at all, the decisions referred to have been influenced by statutes of the states where this doctrine has been approved; but our own statute, which authorizes temporary allowances of that nature, refers to both actions in the same provision, and appears to make the right or privilege applicable to each, or either, upon the same terms.

1. HUSBAND AND WIFE: separate maintenance: alimony.

Code, section 3177. The only decision of this court relied upon by defendant as sustaining his position in this respect is *Harlow v. Harlow*, 150 Iowa, 173, but it is hardly in point. There we affirmed an allowance of temporary alimony in a proceeding of this nature, saying simply that the plaintiff had made a *prima facie* case, justifying the order made in her behalf. The same is to be said of *Simpson v. Simpson*, 91 Iowa, 235. In neither case did we attempt to draw any distinction between actions for divorce and actions for separate maintenance, so far as right to allowance of temporary alimony is concerned, or indicate that any greater burden is cast upon the applicant in one case than in the other. As we have already said, the statute suggests no such distinction; and it is not easy to conceive of any good reason why the court should make it more burdensome for a wife who seeks equitable relief without a dissolution of the marriage ties than for one who is demanding that the conjugal relation be totally severed.

It is true that the court will look to the pleadings to ascertain if a meritorious claim is alleged, and inquire into the financial resources of the respective parties. It may, and frequently does, require a sufficient showing of facts to indicate that the allegations of the petition are made in apparent good faith, with the purpose to put the same to the test of actual trial and adjudication; but it ought not to be expected, and for obvious reasons the court should not undertake, upon a merely preliminary motion of this kind, to investigate and pass upon the merits of the controversy.

2. SAME.

We are therefore inclined to hold that the court did not abuse its discretion in holding the plaintiff entitled to an allowance; and that the only serious question presented by the record is whether the relief so granted is greater than plaintiff was reasonably entitled to. We have read the testimony with care; and, while taking it for granted that plaintiff has instituted

3. SAME: temporary alimony: excessive allowance.

the proceedings in good faith, and is entitled to an opportunity for a trial of her charges against her husband, it must yet be said that her own showing is not one calling for anything more than a very moderate temporary alimony. She married defendant in May, 1910. Within a very short time left him, because she objected to the presence of his daughter in the home, and went to Omaha. Defendant then had his daughter take up her residence in another house, and following his wife to Omaha induced her to return to him. She left him again in August, 1911, ostensibly on a visit, and has never returned, though it is fair to say that she charges her failure to return to her husband, who, she says, requested her to remain away. Defendant gave her $50 or $75 when she left home, and later gave her $20. So far as appears, she never asked him for more. Soon after leaving home, she took employment in Chicago, and has continued therein most of the time. She has done little or nothing in assisting the defendant to accumulate his property, which is not of large value.

We make no reference to plaintiff's charges of cruel treatment; for they are all matters of dispute, to which the court will give due consideration on final hearing. The undisputed circumstances are such that we think justice will be more nearly accomplished by modifying the court's order and making the allowance in plaintiff's favor as follows: For attorney's fees, $50; for suit money, $50; and for support $10 per month from the date of the entry of this order of modification.

As thus modified, the order appealed from will be affirmed.—*Modified* and *Affirmed.*