MURIAL HANFORD, Appellee, v. ARTHUR S. HANFORD, JR., Appellant.

No. 41155.

FEBRUARY 16, 1932.

REHEARING DENIED JUNE 24, 1932.

840

Jepson, Struble & Sifford, of Sioux City, Iowa, Larned F. Brown, of Sioux City, Iowa, Attorneys for appellant.

Charles E. Carpenter, of Chicago, Illinois, and Weir M. Murphy, of Sioux City, Iowa, Attorneys for appellee.

WAGNER, C. J.—In plaintiff's petition, she alleges that she was married to the defendant on May 5, 1920, and that they lived together as husband and wife until on or about November 7, 1929, and thereafter, resided in the same house in Sioux City until on or about the 19th day of June, 1930. As grounds for separate maintenance, she alleges desertion and cruel and inhuman treatment.

The defendant, in his answer, denies the material allegations of the cruel and inhuman treatment and desertion. He admits in his answer, that a marriage ceremony was performed between plaintiff and defendant on May 5, 1920, but denies the validity of the marriage, because of the alleged facts that, at the time of said marriage, the plaintiff was a married woman, having at said time a husband living from whom she was not legally divorced, and that said husband is still living.

In a cross-petition, the defendant asks for an annulment of the marriage between him and the plaintiff, alleging therein that a marriage ceremony was performed on the aforesaid date; that said marriage is void for the alleged reason that, although a decree of divorce was granted plaintiff from her former husband, the same was not entered of record until May 28, 1920. He further alleges, in his cross-petition, that said decree of divorce was granted by the Circuit Court of Cook County, Illinois, and that said court did not have jurisdiction to grant the decree, because of lack of jurisdiction, in that the plaintiff was not and had not been a bona-fide resident of Cook County, Illinois, for the requisite length of time, and that she perpetrated a fraud upon the court.

The matters involved in the controversy now before us, only relate to the allowances by the district court for suit money and attorney fees for the purpose of enabling the plaintiff to prosecute the action, and the amount allowed by the court for the support of the plaintiff pending the final determination of the action. Testimony was taken by the trial court before the

order was granted. The plaintiff testified as to the fact of the marriage on May 5, 1920, and there can be no doubt from her testimony, which is undisputed, that the plaintiff and defendant cohabited and occupied the relationship of husband and wife from the date of their marriage until sometime during the latter part of the year 1929 or the fore part of the year 1930. Over plaintiff's objection, on which there was no ruling, the defendant introduced in evidence a transcript or certified copy of the divorce proceedings between the plaintiff and her former husband in the Circuit Court of Cook County, Illinois. It appears therefrom that the plaintiff instituted said action during the month of March, 1920; that her former husband defaulted; that the evidence was taken on April 27, 1920; but that the decree was not granted and made of record until May 28, 1920. No further evidence was introduced in the instant action by the defendant. It will be noted that the date of the decree of divorce and entry of the same upon the record was twenty-three days after the marriage ceremony was performed between the parties to the present action.

While the appellant admits the marriage, he contends that the marriage was void because, at the time thereof, the plaintiff was not divorced from her former husband. It must be borne in mind that the matter now before us is not a determination of the issues made by the parties by their respective pleadings, but the only matter before us is the preliminary question as to whether or not, under the record as made, the plaintiff is entitled to an allowance for temporary alimony, suit money and attorney fees. In order to warrant an order granting temporary alimony, the fact of the marriage between the parties must be admitted or proven, or there must be proof submitted to create a fair presumption of the existence of the marital relation. See Shaw v. Shaw, 92 Iowa 722; McFarland v. McFarland, 51 Iowa 565; York v. York, 34 Iowa 530; Wilson v. Wilson, 49 Iowa 544; Reifschneider v. Reifschneider (Ill.), 89 N. E. 255. The marriage relation need not be conclusively established, but, if the proof be such as to make out a fair presumption of the fact of the existence of the marital relation, then it is sufficient to warrant the court in granting an order for temporary alimony. See Shaw v. Shaw, 92 Iowa 722; Reifschneider v. Reifschneider (Ill.), 89 N. E. 255. In the latter case, the court said:

"The marriage ceremony being admitted and only the legality questioned, the court was justified in allowing temporary alimony."

It must be conceded that on May 28, 1920, the plaintiff was divorced from her former husband. Our statute, Section 10445, Code, 1927, provides that a marriage between persons either of whom has a husband or wife living is void, "but, if the parties live and cohabit together after the death or divorce of the former husband or wife, such marriage shall be valid." The undisputed testimony shows that the parties have, during all the years since the marriage ceremony was performed, cohabited and fully occupied the relationship of husband and wife. When the fact of marriage is shown, a rebuttable presumption as to its legality arises. See State v. Rocker, 130 Iowa 239. The plaintiff in her petition alleges the marriage; the defendant, in his answer and cross-petition, admits the marriage ceremony; the plaintiff testifies to the fact. There can be no doubt as to the fact of the marriage ceremony. The fact of the marriage ceremony and that the parties hereto, during the years since the divorce from plaintiff's prior husband, have lived together as husband and wife, is, at least for the purposes of the present controversy, sufficient to create a fair presumption of the existence of the marital relation, and sufficient justification for the granting of an order for temporary alimony. See Smith v. Fuller, 138 Iowa 91; Lee v. Lee, 150 Iowa 611.

■ It will be remembered that the defendant in his cross-petition asks for an annulment of the marriage. This alone is sufficient to authorize the court in granting an order for temporary alimony. See Sections 10486 and 10487, Code, 1927, and Ricard v. Ricard, 143 Iowa 182. In the cited case, we said:

"Her marriage to the plaintiff is presumed to be legal until the contrary is shown, and we know of no sound reason in law or in morals why a wife who has had so serious a charge made against her should not have the same right of assistance from her husband in defending against his charge that she would have were he asking a divorce."

■ The evidence shows that, while the plaintiff is living in the homestead, yet she has no means with which to prosecute

this action and to support herself during its pendency. The evidence is such as to show that the husband is able financially to bear the burden. The evidence is convincing that the parties have lived in luxury. The home in which the parties formerly lived, now occupied by the plaintiff, requires a vast amount of money in order to maintain it. This is conclusively shown by the testimony. The wife, being without means, the husband being financially able, is entitled to support from her husband during the pendency of the litigation, to be regulated according to their rank and station in life. See Simpson v. Simpson, 91 Iowa 235.

The appellant urges that the amount allowed by the trial court is excessive. The trial court ordered that the defendant should pay the plaintiff the sum of $500.00 per month as temporary alimony on or before the first day of each month, and allowed $1000.00 as suit money and $1000.00 as attorney fees for the preparation of the case for trial upon its merits. As hereinbefore stated, the record shows that the parties have lived in luxury. The defendant's bank deposits in one bank in Sioux City from October 1927 to and including December 1930 are in excess of $300,000.00. Since the time of the separation, the defendant, according to agreement, has been paying the plaintiff $500.00 per month. In this state of the record, the amount allowed for the wife's support during the pendency of the litigation, considering her rank and station in life as the wife of the defendant, can not be said to be excessive. It is shown by the record that it will be necessary for the plaintiff, in order to fully present her case upon the merits, to have many witnesses, or the depositions of same, from many cities in numerous states. The amount to be granted in such cases is largely within the sound discretion of the trial court, and will not be disturbed in the absence of apparent abuse of discretion. See Eastman v. Eastman, 159 Iowa 167; Cline v. Cline, 183 Iowa 1255; Main v. Main, 168 Iowa 353. It is sufficient to say that we find no abuse of discretion in the allowances made for the purposes designated in the instant case.

We have considered all of the objections raised by the ap-

844

pellant and find no error in the order and judgment of the trial court.—Affirmed.

STEVENS, FAVILLE, DE GRAFF, and ALBERT, JJ., concur.