In re the **MARRIAGE OF Delores A. PRYBIL and Howard J. Prybil.**

**Upon the Petition of Delores A. PRYBIL, Appellee, and Concerning Howard J. PRYBIL, Appellant.**

No. 2–56840.

Supreme Court of Iowa.

June 25, 1975.

Gary L. Robinson, Cedar Rapids, for appellant.

R. Bruce Haupert, Iowa City, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

This appeal presents two issues challenging the provisions of a dissolution of marriage decree. We resolve both against respondent and affirm the trial court.

I. The decree provided for a division of property and directed that neither party be awarded alimony from the other. However, it ordered respondent to pay accumulated temporary alimony which had been allowed upon petitioner's application at the inception of the case. Although served with notice of hearing on that application, respondent failed to appear. A default order was entered granting petitioner $90 per week during pendency of the action. Thereafter respondent filed a motion to set that order aside, which, after full hearing, was overruled.

 No appeal was taken from the order fixing temporary alimony nor from the later refusal to vacate it. Respondent ignored his obligation to support petitioner, and, when the matter came on for trial, the sum of $3,215 was due and unpaid. The decree listed this as one of the debts respondent was to pay.

Respondent now seeks to attack the allowance of temporary alimony as both unwarranted and excessive. We hold the matter is not reviewable on this appeal. The order directing payment of alimony pendente lite was final under Rule 331, Rules of Civil Procedure for purposes of appeal. Having failed to appeal within the time permitted by Rule 335, R.C.P., respondent has waived his right to review.

We said as much in Walsmith v. Jackson, 195 Iowa 630, 632, 192 N.W. 513, 514 (1923) where this appears:

"The application for [temporary] alimony, though not a separate suit, is a proceeding for a separate judgment, and when granted has nothing to do with the final judgment in the case and will not be affected by it. It is a final judgment in the sense that an appeal may be taken therefrom."

As illustrative of the many cases in which appeals have been taken as a matter of right from orders allowing temporary alimony, see Hanford v. Hanford, 214 Iowa 839, 240 N.W. 732 (1932); Lindsay v. Lindsay, 189 Iowa 326, 178 N.W. 384 (1920); Eastman v. Eastman, 159 Iowa 167, 169, 140 N.W. 400 (1913).

We refuse to consider respondent's claim temporary alimony should not have been allowed.

 II. The second issue raised is alleged error committed by the trial court in appointing a receiver to take charge of and distribute the assets of the parties in accordance with the provisions of the dissolution decree. Respondent claims no request for such an appointment was made; that none is authorized by statute; and that the appointment was wrongfully made without notice or hearing. See § 680.1, The Code, 1973.

Recently we appointed a fiscal agent to perform duties similar to those usually undertaken by a receiver which we described as an exercise of "sound legal discretion." Holi-Rest, Inc. v. Treloar, 217 N.W.2d 517, 527 (Iowa 1974). There we said this:

> "We deem it essential to appoint a special fiscal agent to take control of the corporation and its financial affairs in order to protect the short-term rights of it and the minority stockholder. This is a remedy permitted in our sound legal discretion."

In Wolf v. Murrane, 199 N.W.2d 90, 99 (Iowa 1972), where the same objection now voiced was raised, we said:

> "Generally, a court may not appoint a receiver without notice and a reasonable opportunity for interested parties to be heard prior to the appointment of a receiver. Rouse v. Rouse, (Iowa 1970), 174 N.W.2d 660, 665–666; 45 Am.Jur. Receivers § 90, page 81; 75 C.J.S. Receivers §§ 48, 49, pages 704–710. In emergencies where a showing is made that ex parte appointment of a receiver is necessary to prevent damage to or loss of property, the court may exercise its discretion in appointing without notice * * * In the instant case, no circumstances appear which would indicate there was no time for a hearing. * * *
>
> "Despite the disregard of the general rule requiring a prior hearing, we find nothing to indicate that either of the parties was prejudiced to the point of being de-

nied a fair result and since our review here is de novo (Rule 334, R.C.P.) reversal on this issue alone would serve no useful purpose. Therefore, without approving trial court's actions and noting the irregularity of the appointment without notice, we shall not reverse solely on the failure of the trial court to hold a hearing pursuant to notice prior to the appointment of a receiver."

That statement is peculiarly applicable here. While the appointment was perhaps irregular and should not have been made without notice and hearing, there is no claim the appointment resulted in prejudice to respondent. The case of Bennett v. Eldon Miller, Inc., 252 Iowa 76, 87, 106 N.W.2d 257, 262 (1960), relied on by respondent is distinguishable on its facts and we find no conflict between the two.

We hold there was no reversible error in the appointment of a receiver.

III. Finding no merit in the issues raised, we affirm the judgment of the trial court.

Affirmed.