## Carney v. Carney

*Joseph V. Agresti,* for plaintiff.
*Jay B. Schiegg,* for defendant.

McCLELLAND, *J.,* January 13, 1981—A complaint in divorce, answer and counterclaim were filed in this case.

Finally, defendant filed a "motion for the Master and/or court to determine all rights of parties under new divorce code prior to granting divorce."

Apparently, the parties have lived separate and apart over three years and the marriage is irretrievably broken so a divorce is in order, but the master refused to consider property claims, support and allied matters at the hearing.

The narrow issue raised by defendant's motion is whether the master was justified in refusing to take evidence respecting defendant's claims. We believe that as the claims were properly and timely raised by the pleadings and as defendant was obviously armed with the relevant evidence, the master should have allowed defendant to proceed with her presentation. Plaintiff, having been placed on notice of the claims by the pleadings, should also have been prepared to reply to them at the scheduled hearing.

The broader issue raised by this case—whether the court, absent agreement of the parties, should be absolutely precluded from entering a divorce decree without disposing of related claims—is not so easily answered.

We note that the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq., contains language seemingly supportive of both positions.

Section 301(a) speaks of a conjunction of the matters.

Section 401(b) appears to allow bifurcation.

This court believes that the legislature recognized that the disposition of marital property, sometimes acquired over many years, cannot always be accomplished in the shortened period in which a divorce can be obtained.

The legislative history of Pennsylvania's divorce reform bill (Home Bill No. 640) also illustrates the lawmaker's concern that prior practice allowed the divorce decree to be held hostage to one or the other party's property demands.

In the instant case, defendant is not even contest-

ing plaintiff's request for a divorce so we see no reason to delay entry of the decree while possibly complicated property issues are resolved.

The Divorce Code provides the court with an arsenal of weapons which can be employed to prevent one party from encumbering or disposing of marital property to the detriment of the other party. Other jurisdictions have even appointed a receiver over the marital assets to preserve the status quo: In re Prybil Marriage, 230 N.W. 2d 487 (Iowa, 1975); Parr v. First State Bank of San Diego, 507 S.W. 2d 579 (Tex. Civ. App. 1974).

While we agree that interests of efficiency, expediency and certainty are best served by an immediate disposition of all claims, we do not find that such action is mandatory.

In the case at bar, we will dismiss defendant's motion and allow the master to submit his recommendation regarding plaintiff's claim for divorce. Additionally, we remand the case to the master for a full hearing to be held regarding defendant's counterclaims, the hearing to be held as soon as possible.