**In re the Marriage of George TZORTZOUDAKIS and Marika Tzortzoudakis.**

**Upon the Petition of George Tzortzoudakis, Appellee/Cross–Appellant,**

**And Concerning Marika Tzortzoudakis, Appellant/Cross–Appellee.**

No. 91–1859.

Court of Appeals of Iowa.

Sept. 2, 1993.

Becky S. Knutson of Davis, Hockenburg, Wine, Brown, Koehn & Shors, P.C., Des

Moines, and John C. Wagner, Cedar Rapids, for appellant/cross-appellee.

Jon M. Kinnamon of Kinnamon, Kinnamon, Russo & Meyer, Iowa City, for appellee/cross-appellant.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Marika and George Tzortzoudakis were married in Greece in 1947. At that time Marika was a resident of Greece and George was a resident of the United States. After the marriage the parties moved into George's parents' house in Cedar Rapids. The parties had two children during the marriage, John, born in 1949, and Nicholas, born in 1951. The children are both adults. However, John suffers from a mental or psychiatric disorder and resides with Marika.

In the early 1950s George and Marika built a separate apartment on the upper floor of George's parents' home. They spent about $7,500 on the project. Marika had a part-time job outside the home and also helped in the Tzortzoudakis family dry cleaning business. George was employed at the Penford Company.

In 1963 Marika became seriously ill with asthma. The parties agreed that she would go to Greece with the children for six months. In fact, she did not move back to the United States until 1981.

Marika filed a petition for separate maintenance in 1965. A separate maintenance decree was entered by the district court on August 24, 1965. The decree ordered George to pay $75 per month per child in child support. George was also to pay $90 per month in alimony. George stopped paying child support and alimony in 1974, when the youngest child was twenty-three years old. George provided no support for Marika after 1974.

As noted above, Marika moved back to the United States in 1981. She and John live in a rental house about a block from George in Cedar Rapids. Marika is in poor health. She suffers from asthma, arthritis, and heart trouble. She receives about $305 per month in social security benefits, and John receives about $400 per month because of his disability. George has retired. He has social security benefits of $600 per month, a pension of $435 per month, and interest income of about $435 per month, for a total of $1,470 per month.

George filed a petition for dissolution in May 1990. The district court entered a dissolution decree on October 29, 1991. At the time of the dissolution Marika was sixty-four and George was sixty-eight years old. The court noted that Marika's residence had recently been condemned and she needed to find a new residence. The court ordered George to pay the unpaid amount of alimony which had accrued since 1974, $17,280. George was also ordered to pay permanent alimony of $300 per month.

George was awarded his residence, which was valued at $140,000. However, Marika was granted a lien of $50,000 on the house, payable within one year. If George did not pay the lien within one year, the amount of the lien increased to $60,000. If the lien was not paid within two years, the lien was increased to $70,000, and Marika could demand the sale of the house. George was also ordered to pay $1,550 for Marika's trial attorney fees.

Marika filed an appeal, and George filed a cross-appeal.

## I. SCOPE OF REVIEW

 Our review of this equitable action is de novo. Iowa R.App. P. 4. We are not bound by the district court's findings of fact, but we do give them deference because the district court had an opportunity to view, firsthand, the demeanor of the witnesses when testifying. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992).

## II. PROPERTY DIVISION

A. Marika contends the property division is inequitable to her. She first asks to be awarded George's house because she needs a permanent residence. In the alternative, she asks to be awarded a lien equal to half of the value of the house. She also asks to be

awarded the present value of the unpaid alimony, which she calculates to be $35,111.

The partners in a marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa App.1991). We consider property division and alimony together in evaluating their individual sufficiency. *Id.* The Iowa courts do not require an equal division or a percentage distribution. *Id.* The determining factor is what is fair and equitable in each particular circumstance. *Id.*

The dissolution decree awarded Marika assets worth $67,280 and George assets worth $119,920. Under the unique facts of this case, in which the parties have been separated for almost thirty years, we find this division of property to be equitable. Furthermore, George inherited most of the property which he now owns. We do note that George has offered to give Marika certain household items which are not mentioned in the decree.

B. In his cross-appeal, George contends that the district court should not have included his inherited property, including his residence, in the marital property to be divided. George inherited about $35,000 and his residence from his mother. George claims these assets should be set aside to him.

Iowa Code section 598.21(1) (1991) states "the court shall divide all property, except inherited property or gifts received by one party, equitably between the parties." However, section 598.21(2) provides an exception "upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage." In determining whether an equitable distribution of gifts or inherited property is warranted, the length of the marriage is an important factor. *In re Marriage of Hoffman,* 493 N.W.2d 84, 89 (Iowa App.1992).

The district court considered the fact that George had inherited much of the property held by him. The court found that George and Marika had contributed to the estate which George later inherited by im-

proving George's parents' home. Both George and Marika had also worked without pay for the family dry cleaning business. The court also considered Marika's special needs and those of the parties' son, John. Marika is in poor health, and she and John need to find a new residence. The court concluded it would be inequitable to set the inherited property aside to George.

We agree with the district court's reasoning and conclusion. We find it would be inequitable to set aside to George the property inherited by him. We affirm the property distribution as set forth by the district court.

## III. ALIMONY

Marika contends she should be awarded a greater amount of alimony. She asks for $550 per month in alimony. Marika states that she is living in poverty and that George has the ability to pay more than $300 per month.

Alimony is a stipend to a spouse in lieu of the other spouse's legal obligation for support. *In re Marriage of Francis,* 442 N.W.2d 59, 62 (Iowa 1989). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Whelchel,* 476 N.W.2d 104, 110 (Iowa App.1991). When determining the appropriateness of alimony, the court should consider the earning capacity of each party. *In re Marriage of Oler,* 451 N.W.2d 9, 13 (Iowa App.1989). Also, the ability of the one spouse to pay should be balanced against the needs of the other spouse. *Id.*

We affirm the district court's award of $300 per month in alimony to Marika. While Marika receives the amount of $305 per month in social security benefits, she shares expenses with her son John, who receives $400 per month in social security benefits.

## IV. ATTORNEY FEES

Marika asks for attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Hunt,* 476 N.W.2d 99, 103 (Iowa App.1991). We determine each party

should pay his or her own attorney fees in this case.

We affirm the district court on all issues raised on appeal and cross-appeal. Costs of this appeal are assessed to George Tzortzoudakis.

**AFFIRMED.**