**In re the MARRIAGE OF Rosalie B. STARK and Larry M. Stark**

**Upon the Petition of Rosalie B. Stark, Appellee,**

**And Concerning Larry M. Stark, Appellant.**

**No. 94–1657.**

Court of Appeals of Iowa.

Nov. 27, 1995.

C. Carleton Frederici and Patricia A. Shoff of Davis, Hockenburg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellant.

James L. Kramer and Neven J. Mulholland of Johnson, Erb, Bice & Carlson, P.C., Fort Dodge, for appellee.

Heard by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HAYDEN, Presiding Judge.

Larry and Rosalie Stark were married on September 27, 1958. They had three children, all of whom have reached the age of majority. Both Larry and Rosalie were fifty-five years of age at the time of trial. They had been married approximately thirty-five years.

Larry has a high school degree and one year of college. He has been employed as an assistant engineer for Hamilton County for over thirty years. Larry currently earns $1035 net every two weeks, or approximately $41,000 per year. He also has a side business, Stark Land Surveying, from which he earns approximately $6500 per year. Larry is in good health.

Rosalie also has a high school education and one year of college. Rosalie has worked outside the home during the marriage. She taught preschool from 1972 until 1985. From 1985 until 1988 she operated a gift shop in Webster City, and from 1988 until 1993 Rosalie owned and operated a floral shop. After the parties separated, Rosalie moved to Fort Worth, Texas, where she currently works for Neiman–Marcus. She earns five dollars per hour plus a six percent commission. Her anticipated net income from Neiman–Marcus is $8341.19 per year.

This projected income, however, does not include commissions. Rosalie herself claims she has the potential to earn almost double her current income. Although Rosalie has had several skin cancers removed and surgery for precancerous polyps, her job provides health insurance.

During the marriage, Larry and Rosalie accumulated considerable debt, much of which came from Rosalie's floral business. In total, the parties owed approximately $78,000. After their separation, Larry agreed to assume all of the marital debt. The floral business was sold on contract for $42,500, and the parties agreed Rosalie would receive the contract payments of $360 per month, plus the balloon payment of $17,978.48 due June 1, 2004.

Prior to trial, the parties stipulated as to the division of marital property. Because Larry agreed to assume all marital debts, Larry was awarded the homestead valued at $85,000 and having $57,000 equity, a 1988 Suburban valued at $14,000, a boat valued at $7500, a trailer valued at $1000, his IPERS account valued at $48,095, and various other items, for a total of $168,595. Pursuant to the stipulation, Larry was to pay Rosalie a $10,000 cash settlement. Besides receiving the monthly contract payments, the $17,978.48 balloon payment, and $10,000 in cash, Rosalie was also awarded a Suburban truck valued at $11,000 free of all debt.

The district court ordered Larry to pay Rosalie $725 per month alimony until the year 2004, at which time the amount would be reduced to $500 per month until death or remarriage. Larry was also ordered to pay $705 towards Rosalie's attorney fees. Larry has appealed.

Larry argues the district court erred in awarding Rosalie $725 per month alimony. He states, because he agreed to assume all the marital debt, his debt service amounts to $2400 per month, not including alimony. He further states, combined with his car payments, he would have only $200 left to pay all other monthly expenses including alimony. He requests the alimony be reduced to $500 per month until the year 2004, at which time the award would be further reduced to $250

per month. Rosalie maintains Larry should sell some of his assets to lower his debt service allowing him to make the alimony payments.

### I. Standard of Review.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ Alimony is an allowance to the former spouse in lieu of a legal obligation to support the person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981). Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne,* 334 N.W.2d 347, 350 (Iowa App. 1983).

The factors to consider include the length of the marriage, the age and physical health of the parties, the distribution of property, the education level of each party, the earning capacity of the parties, the feasibility of becoming self-supporting at a standard of living reasonably comparable to the standard enjoyed during the marriage, the tax consequences, and financial or service contributions by one party or the other pursuant to mutual agreement. Iowa Code § 598.21(3).

■ As such, in determining the appropriate amount of alimony, the ability of one spouse to pay alimony must be balanced against the needs of the other spouse. *In re Marriage of Tzortzoudakis,* 507 N.W.2d 183, 186 (Iowa App.1993). The court looks to the standard of living the parties had previously maintained as well as one spouse's relative ability to pay. *In re Marriage of Bethke,* 484 N.W.2d 604, 609 (Iowa App.1992).

■ It is important to note, "the spouse with the lesser earning capacity is entitled to be supported, for a reasonable time, in a manner as closely resembling the standards existing during the marriage as possible *without destroying the right of the party providing the income to enjoy at least a comparable standard of living as well." In re Marriage of Hayne,* 334 N.W.2d 347, 351 (Iowa App.1983) (emphasis added). A party receiving alimony is entitled only to an amount sufficient to maintain the standard of living previously enjoyed and not a higher standard of living. *Id.*

### II. Alimony Award.

■ After considering the factors enumerated in Iowa Code section 598.21(3), we modify the district court's alimony award. We determine Larry's alimony payments should be reduced to $500 per month. These payments will continue until October 1, 2004, at which time the alimony will be further reduced to $250 per month. These payments will terminate upon the death of either party or upon the remarriage of Rosalie.

We agree with Larry when he claims the alimony awarded in this case was inequitable. Both Larry and Rosalie have similar education, and neither party acquired an advanced degree during the marriage. Neither one has been out of the job market for a considerable length of time. Furthermore, Larry and Rosalie had a modest standard of living during their marriage. The monthly alimony currently awarded, however, places Rosalie in a much better financial position than the parties enjoyed during the marriage. At the same time, the alimony does not allow Larry to enjoy a comparable standard of living.

Rosalie has a job which provides health insurance and increased earning potential up to nearly $20,000. Rosalie will receive $360 per month from the real estate contract payment. She also received in the property distribution $10,000 cash payment from Larry and a $11,000 Suburban which has no debt. Furthermore, she will receive a $17,978.48 balloon payment on the real estate contract in ten years. Beyond receiving all this cash, Rosalie leaves the marriage with

no debt. Rosalie does not need a large alimony award in order to enjoy the standard of living to which she is accustomed.

Larry's financial situation does not give him the means to pay $725 alimony to Rosalie every month. Although Larry has income of $41,000 per year, he leaves the marriage with over $78,000 debt plus an additional $10,000 cash payment owed to Rosalie. A large portion of the couple's debt, which Larry assumed, is attributable to Rosalie's floral business; the remainder includes debt on Rosalie's vehicle and the homestead. In sum, Larry will be required to pay in excess of $2400 per month for these debts. Larry's monthly take-home pay is approximately $2612. Although Larry has received a substantial amount of the marital assets, we determine $725 alimony per month is an excessive amount. Because Larry is entitled to enjoy a standard of living comparable to Rosalie's standard of living, the alimony award should be reduced.

This court has balanced Larry's ability to pay alimony against Rosalie's need for alimony. We have also considered the standard of living enjoyed by the parties during the marriage and the factors enumerated in Iowa Code section 598.21(3). As such, we modify the district court's alimony award. The alimony payment of $725 per month shall be reduced to $500 per month until the year 2004. Beginning October 1, 2004, the payments will be further reduced to $250 per month. These payments will terminate upon the death of either party or upon the remarriage of Rosalie.

**AFFIRMED AS MODIFIED.**