**IN THE COURT OF APPEALS OF IOWA**

No. 16-0552
Filed December 21, 2016

IN RE THE MARRIAGE OF LISA RAE COLVIN
AND FAU VAN HOANG

Upon the Petition of
**LISA RAE COLVIN,**
        Petitioner-Appellee,

And Concerning
**FAU VAN HOANG,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Patrick R. Grady

(temporary hearing) and Lars G. Anderson (dissolution), Judges.


        Respondent appeals the district court decision finding the parties had a

common law marriage and its dissolution of the marriage.  **REVERSED AND**

**REMANDED.**


        David M. Cox of Bray & Klockau, P.L.C., Iowa City, for appellant.

        Paul K. Waterman of Cronk & Waterman, P.L.C., Iowa City, for appellee.


        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Fau Hoang appeals the district court decision finding he was in a common law marriage with Lisa Colvin and the court's dissolution of the marriage. The issue raised on appeal, whether Lisa established her claim of a common law marriage by a preponderance of the evidence, was not properly addressed by the district court. We determine the decision of the district court should be reversed and the matter remanded for further proceedings.

## I.      Background Facts & Proceedings

Fau moved to Iowa from Laos in 1981. Soon thereafter he met Lisa and began a relationship with her. The parties cohabited for a number of years. The parties had three children together, who are all now adults. In 1988, Fau and Lisa signed an "Affidavit of Common Law Marriage." They both testified this was done in order to provide coverage for their second child under Fau's health insurance. Fau separated from Lisa in 2010 and married Phetsamone.

On August 8, 2013, Lisa filed a petition for dissolution of marriage, claiming she and Fau had a common law marriage. Fau denied the parties were married. Lisa filed a request for temporary spousal support and attorney fees. The district court entered an order stating, "the parties should be given a hearing to address the issue of whether there are sufficient indicia of a common law marriage to justify the granting of temporary spousal support." The order also stated, "Hearing on the existence of a common law marriage and temporary support is set for February 28, 2014 at 9:00 a.m. for one hour."

At the hearing, Fau appeared with a Laotian interpreter. The hearing lasted two hours and forty-eight minutes, with a thirty-one minute break to

change interpreters, meaning there was two hours and seventeen minutes of testimony. Much of this time was spent having the testimony interpreted and the interpreter asking to have statements repeated. Fau and Lisa each testified and presented exhibits. No other witnesses were called to testify. The parties submitted legal briefs after the hearing.

On April 22, 2014, the district court ruled, "Lisa has established the existence of a common law marriage that began in 1988." The court denied Lisa's request for temporary spousal support but ordered Fau to pay $1000 for temporary attorney fees. Lisa filed a supplemental affidavit to support her claim for spousal support and the court modified its previous order to grant her $650 per month in spousal support.

An order setting the dissolution hearing for January 20, 2016, listed "Common Law Marriage," among the issues to be determined. The parties' joint pretrial statement listed the existence of a common law marriage as one of the issues, but noted Lisa claimed the issue had already been litigated at a previous hearing.

The district court examined the record prior to the dissolution hearing and on January 14, 2016, entered a ruling stating: "Since a final decision on the existence of a common law marriage has previously been made, it is not appropriately an issue at the scheduled trial, and the Court will not receive evidence or argument concerning the same." Fau responded, claiming the prior order determined only whether there was sufficient indicia of a common law marriage to award Lisa spousal support and was not dispositive on the existence of a common law marriage. The court then set a hearing on the issue of whether

the existence of a common law marriage had already been determined and heard arguments of counsel. The court concluded it would not revisit the issue of whether there was a common law marriage, stating, "It appears that the issue of a common law marriage was fully and fairly litigated previously."

After the dissolution hearing, the court entered a decree on February 29, 2016. The court divided the parties' assets and ordered Fau to pay spousal support of $750 per month until Lisa dies, Lisa remarries, or Fau reaches the age of sixty-five. Fau was ordered to pay $1500 for Lisa's attorney fees. Fau now appeals.

## II.      Standard of Review

We review claims of a common law marriage de novo. *In re Marriage of Martin*, 681 N.W.2d 612, 616 (Iowa 2004). "In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the district court, but is not bound by them." Iowa R. App. P. 6.904(3)(g).

## III.      Preliminary Order

Fau claims he was not given an adequate opportunity to fully litigate the issue of whether the parties had a common law marriage. He relies on the language of the order setting the hearing on temporary matters and the fact the hearing was set for one hour in length. Fau states he believed the court would enter a preliminary order, not establish entirely whether there had been a common law marriage. He states that if he had known the issue would have been fully decided, he would have asked for a continuance so he could present the testimony of witnesses to support his claims the parties did not hold themselves out as husband and wife and that he knew limited English when he

signed the affidavit of common law marriage in 1988. Fau asks to have the case remanded for a full hearing on the issue of whether the parties had a common law marriage.

In the case *In re Marriage of Winegard* (*Winegard I*), 257 N.W.2d 609, 610 (Iowa 1977), the parties agreed to bifurcated proceedings and after a four-day evidentiary hearing the district court concluded the petitioner established the parties had a common law marriage. The petitioner then requested temporary attorney fees. *Winegard I*, 257 N.W.2d at 610-11. The court stated:

> However, for purposes of determining the propriety of an order allowing temporary attorney fees in a dissolution proceeding, the marriage relation need not be established by a preponderance. If the proof be such as to make out a fair presumption of the fact of the existence of the marital relationship, then it is sufficient to warrant the court in granting an order for temporary attorney fees.

*Id.* at 615. On appeal, the court limited its review to the issue of whether there was a sufficient quantum of evidence to create "a fair presumption of the existence of the marital relationship." *Id.*; *see also In re Marriage of Stogdill*, 428 N.W.2d 667, 671 (Iowa 1988) (stating if there is sufficient proof to make out a fair presumption of a common law marriage, the court may award temporary attorney fees).

The same parties appeared in *In re Marriage of Winegard* (*Winegard II*), 278 N.W.2d 505, 507 (Iowa 1979), when they appealed following the dissolution decree. One of the issues on appeal was whether there was sufficient evidence of a common law marriage. *Winegard II*, 278 N.W.2d at 507. The court noted a party claiming a common law marriage has the burden of proof, "and such a

claim of marriage will be regarded with suspicion, there being no public policy in Iowa favoring common law marriage." *Id.* at 510. The court stated:

> In our holding with respect to the trial court's award of temporary attorney fees to Sally we found, on the record at that stage of the proceedings, that Sally had presented sufficient proof to create a fair presumption of the existence of a common law marriage. We made clear we were not, at that time, finding that a preponderance of the evidence indicated a common law marriage. The precise issue now before us has not been previously determined. In addition, more evidence was presented at the trial court level subsequent to our earlier *Winegard* decision.

*Id.* at 510-11 (citation omitted).

Thus, in order to receive temporary attorney fees in a case involving a claim of a common law marriage, a party needs to create only "a fair presumption of the existence of the marital relationship." *Winegard I*, 257 N.W.2d at 615. On the other hand, in order to establish a common law marriage, a petitioner has the burden to show by a preponderance of the evidence (1) present intent and agreement to be married, (2) continuous cohabitation, and (3) public declaration the parties are married. *In re Marriage of Gebhardt*, 426 N.W.2d 651, 652 (Iowa 1988). "[C]laims of common law marriage are carefully scrutinized and the burden of proof rests with the party asserting the claim." *Martin*, 681 N.W.2d at 617.

The district court's order of February 5, 2014, setting the hearing on temporary matters for February 28, set up the type of hearing discussed in *Winegard I*, 257 N.W.2d at 615. The court ruled, "the parties should be given a hearing to address the issue of whether there are sufficient indicia of a common law marriage to justify the granting of temporary spousal support." This is similar to *Winegard I*, which states a party need only to establish proof "as to make out a

fair presumption of the fact of the existence of the marital relation," to warrant a grant of temporary attorney fees. 257 N.W.2d at 615. In *Hanford v. Hanford*, 240 N.W. 732, 734 (Iowa 1932), the Iowa Supreme Court applied the "fair presumption of the existence of the marital relation" rule in an award of temporary alimony. Additionally, the hearing was set for one hour, which would further the conclusion the hearing was set to determine the issue of whether there was "sufficient indicia" or a "fair presumption" of a common law marriage to warrant an award of temporary spousal support or temporary attorney fees, which were the two claims presented to the court at that time.

The transcript of the hearing on temporary matters does not show any discussion or agreement by the parties to submit the full issue of whether there was a common law marriage at that time. In Fau's brief submitted after the hearing, he stated Lisa did not present sufficient proof to create a fair presumption of the existence of a marital relationship. In Lisa's brief, she stated there was sufficient evidence to prove a common law marriage, but separately addressed the issue of whether she should be awarded temporary attorney fees based on a "fair presumption" of a common law marriage. We conclude the issue of whether Lisa established a common law marriage by a preponderance of the evidence was not tried by the consent of the parties, as Fau's brief shows he believed the only issue to be whether Lisa established a "fair presumption" of a common law marriage. *See Meincke v. Nw. Bank & Tr. Co.*, 756 N.W.2d 223, 229 (Iowa 2008) (noting issues may be establish either by the pleadings or the consent of the parties).

The issue raised on appeal, whether Lisa established her claim of a common law marriage by a preponderance of the evidence, was not properly addressed by the district court. "The precise issue now before us has not been previously determined." *See Winegard II*, 278 N.W.2d at 511. We conclude the decision of the district court should be reversed and the matter remanded for further proceedings. The court should permit the parties to present additional evidence on the issue of whether they had a common law marriage. *See id.* Rather than presenting "sufficient proof to create a fair presumption of the existence of a common law marriage," Lisa must establish her claim by a preponderance of the evidence. *See id.*

**REVERSED AND REMANDED.**